## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**DANIEL PATRICK MURPHY,**
                CASE NO. 3:21 CV 682

    Plaintiff,

    v.
                JUDGE JAMES R. KNEPP II

**CORRECTIONS CENTER OF**
**NORTHWEST OHIO,**
                **MEMORANDUM OPINION AND**
    Defendant.
                **ORDER**

### BACKGROUND

*Pro se* Plaintiff Daniel Patrick Murphy, a federal pretrial detainee incarcerated in the Corrections Center of Northwest Ohio ("CCNO"), has filed a civil rights complaint against CCNO, alleging various conditions of his confinement subject him to cruel and unusual punishment. (Doc. 1).[1]

First, Plaintiff alleges inadequate medical treatment for a "swollen" ankle – despite receiving a negative X-ray – and contends this led to vulnerability to an assault by another inmate. *Id*. at 3. Second, he complains that since arriving at CCNO six months ago, his requests for dental floss and to see a dentist have been denied, leading to bleeding gums. *Id*. at 4. Third, he complains he has not been allowed Q-tips or other "ear cleaning solution." *Id*.

Plaintiff seeks damages for pain and suffering and an order that he be provided dental floss and ear cleaning products. *Id.* at 5.

---

1. A prior lawsuit Plaintiff filed against CCNO alleging cruel and unusual punishment based on different alleged prison conditions was dismissed on February 8, 2021. *See Murphy v. Corr. Ctr. of Nw. Ohio*, 2021 WL 424302 (N.D. Ohio) (Helmick, J.).

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2). The Court granted that motion by separate order.

## STANDARD OF REVIEW

Federal district courts are expressly required to screen all *in forma pauperis* prisoner complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Although *pro se* pleadings generally are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), even a *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to avoid a dismissal for failure to state a claim. *Hill*, 630 F.3d at 470-71 (holding the "dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)] governs dismissals for failure to state a claim" under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A).

## DISCUSSION

"'[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment,'" which protects against cruel and unusual punishments. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).[2]

---

2. Although a federal detainee's claims relating to prison conditions arise under the Due Process Clause of the Fourteenth Amendment, they are analyzed using the framework of the Eighth

But in order to state a claim under the Eighth Amendment, a prisoner must demonstrate both objective and subjective components. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020). He must show both that he was subjected to an objectively serious prison condition, and that a defendant prison official acted with subjective "deliberate indifference." *Id*. at 840 (quoting *Farmer*, 511 U.S. at 836). To satisfy the objective prong, a prisoner must allege facts showing "'that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Wilson*, 961 F.3d at 839 (quoting *Farmer*, 511 U.S. at 834). To demonstrate the subjective component, a prisoner must allege facts demonstrating a prison official "(1) subjectively knew of a risk to [his] health, (2) drew the inference that a substantial risk of harm to [him] existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment," and the Constitution does not mandate a prisoner be free from discomfort or inconvenience. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Thus, prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Only deliberate indifference to serious medical needs or "extreme deprivations" regarding conditions of confinement implicate the protections of the Eighth Amendment. *Hudson*, 503 U.S. at 9.

"In the context of 'conditions of confinement' cases, the Eighth Amendment is concerned only with 'deprivations of essential food, medical care or sanitation' or 'other conditions

---

Amendment. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).

intolerable for prison.'" *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Plaintiff has not alleged facts in his complaint sufficient to demonstrate a plausible constitutional deliberate indifference claim.

Even assuming among the allegations in Plaintiff's complaint is one or more condition rising to the level of an objectively serious medical or hygiene need, he has not alleged facts sufficient to demonstrate the subjective component of a deliberate indifference claim. Plaintiff has named only the jail in which he is detained as a defendant. He has not alleged, or demonstrated in his complaint, that any particular individual prison or federal official possessed the requisite subjective state of mind necessary to make out a deliberate indifference claim with respect to the conditions of which he complains.

Furthermore, constitutional claims by federal inmates under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), may only be asserted against individual federal defendants. *Corr. Svcs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

### CONCLUSION

Accordingly, for the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Complaint against CCNO is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a plausible claim upon which he may be granted relief; and the Court

CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                 s/ *James R. Knepp II*
                 UNITED STATES DISTRICT JUDGE